RATLIFF *v.* STATE.

(*Knoxville,* September Term, 1944.)

Opinion filed October 14, 1944.

Petition to rehear dismissed December 2, 1944.

T. A. Dodson, of Kingsport, for defendant, plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

There was a conviction in this case of driving an automobile after the driver's license had been suspended and taken up by the highway officials, with a fine of $25 and a jail sentence of ten days. It appears without dispute that in July 1943, Ratliff was arrested by highway officers while driving on the Sullivan County highway and transporting several cases of liquor, and his driver's license was taken from him, and a notice given him on the form used by the Highway Department of the suspension of his license.

Thereafter he was found driving an automobile without a license and his arrest and prosecution in this case followed. The defendant did not take the stand and he does not appear to question these facts.

However, it was conceded by the State on the hearing that when tried for transporting Ratliff, for some reason not disclosed, was not convicted of a felony. This is stressed for plaintiff in error, but it does not appear to be material. The statute provides for a temporary suspension pending hearing on the merits of the felony charge and the suspension in this case was authorized

under this provision regardless of the final outcome of the felony case.

■ Some question is raised as to the form of the notice given the defendant of the suspension of his license, in that this notice of suspension did not describe with sufficient particularity the offense for which he had been arrested, but this objection does not appear to us to have substance. In this case the license had been physically taken from the driver. It is not a case in which the driver was still in possession of his license. It may well be doubted that any written notice is necessary in a case where, as here, the license has been physically taken up by the Department officials. This defendant well knew that his license had been taken up and that he was driving without it. He was clearly guilty of violating the law and the judgment is affirmed.

### On Rehearing.

A petition to rehear challenges the affirmance by this Court of a conviction of petitioner of the offense of driving an automobile after his license had been suspended by the State Highway authorities, on the theory that the section of the Act of 1937, Chapter 90, Code, Section 2715.28, which creates the offense, applies to nonresidents only. We think the statute is not so limited.

The Code Section (Michie's Repl., 1942) cited above reads:

"Driving While License Suspended or Revoked. Any person whose operator's or chauffeur's license, or driving privilege as a non-resident, has been cancelled, suspended or revoked as provided in this Act, and who drives any motor vehicle upon the highways of this State while such license or privilege is cancelled, suspended, or revoked, is guilty of a misdemeanor and upon conviction

shall be punished by imprisonment for not less than 2 days or more than 6 months and there may be imposed in addition thereto a fine of not more than $500."

The obvious intent is to cover and include "any person" operating a motor vehicle, whether holding an operator's license, a chauffeur's license, or exercising a driving privilege as a non-resident. These three classes of authorized drivers are expressly recognized in the preceding sections, 2715.16 of the Code. Subdivision (a) provides that no person shall drive on the highways of the State without a valid license either as an operator, or as a chauffeur, unless "expressly hereinafter exempted." Those "exempted" are designated in subdivisions of subsection (b) and among these are non-resident operators on conditions prescribed.

We can find no intention in the language or context of Code, Section 2715.28, to restrict its application to the third of these three classes of drivers, those holding (1) a license as an operator, (2) a license as chauffeur, and (3) a driving "privilege" as a non-resident. Upon cancellation, suspension or revocation of the right of any person of either class to drive on the highway, that person comes within the prohibition and penalty of the law.

Moreover, as noted by the Assistant Attorney General in his brief, by a preceding section (Code, Section 2715.25), the Division is expressly "authorized to suspend any license herein authorized, whether of a resident or non-resident," etc.

This Court would be slow to adopt a construction which would so obviously discriminate against non-residents of the State, and also defeat the manifest object of the legislation, which is to prevent driving upon our highways by those who have forfeited this right.

The petition is dismissed.